IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO MORALES,** **PRO SE,** | : : | **CIVIL ACTION** |
| Petitioner, | : : | |
| v. | : : : | |
| **ROBERT SHANNON, ET AL.,** | : | |
| Defendants. | : | No. 05-6054 |

**MEMORANDUM AND ORDER**

Pratter, District Judge                                                                                           June 27, 2007

Ricardo Morales petitions for habeas corpus relief pursuant to 18 U.S.C. § 2254 from a conviction and sentence imposed by the Court of Common Pleas of Philadelphia County and affirmed by the Pennsylvania Superior Court. The Court referred this matter to the Honorable Judge M. Faith Angell, United States Magistrate Judge, for a Report and Recommendation. Judge Angell recommended that Mr. Morales's Petition be denied for failure to exhaust state remedies and dismissed without prejudice. Mr. Morales initially filed objections to the Report and Recommendation (Docket No. 13), but then filed a motion seeking to withdraw his objections (Docket No. 14). In his motion to withdraw, Mr. Morales asked the Court to approve and adopt Judge Angell's Report and Recommendation, and dismiss his federal habeas petition, so that he could exhaust his state court remedies.

After conducting a de novo review pursuant to 28 U.S.C. § 636(b)(1)(C), the Court concludes that Mr. Morales failed to exhaust the state court remedies that were available to him. However, because Mr. Morales's statutory one-year time limit to seek post-conviction relief in state court expired on October 25, 2006, and in the absence of circumstances warranting statutory

tolling, Mr. Morales's claims are procedurally defaulted. For this reason, the Court will adopt in part and modify in part the Report and Recommendation. The Court will stay the case, and Mr. Morales will have 30 days to file a supplement to his petition pointing to facts, if any, that demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrating that failure to consider his claims will result in a fundamental miscarriage of justice.

**BACKGROUND**

On July 12, 2000, following a bench trial before the Honorable Gregory E. Smith of the Court of Common Pleas of Philadelphia County, Mr. Morales was convicted of third-degree murder, possession of an instrument of crime, simple assault and recklessly endangering another person. On July 24, 2000, he was sentenced to a term of imprisonment of 15 to 30 years.[1] On July 26, 2000, Mr. Morales filed a timely post-sentence motion for reconsideration of the sentence.[2] On the same day, the trial court vacated Mr. Morales's sentence pending resolution of his motion for reconsideration.[3] On January 11, 2001, the trial court granted Mr. Morales's

---

[1] Mr. Morales was sentenced to concurrent terms of imprisonment of 15 to 30 years for third degree murder, two and one-half years to five years for possessing an instrument of crime, and one to two years for recklessly endangering another person. His simple assault conviction was merged with third degree murder for purposes of sentencing.

[2] Mr. Morales's Motion for Reconsideration was prepared and filed by Mr. Morales's trial counsel, Daniel-Paul Alva. In this motion, Mr. Morales sought reconsideration of the sentence imposed only. In particular, he argued that the sentence imposed was outside the applicable sentencing guidelines, and that the victim impact statement given at his sentencing was improper. Mr. Morales did not challenge the underlying conviction. See Pet.'s Mot. for Reconsideration of Sentence, Commonwealth v. Morales, No. C.P. 9910-0314.

[3] Under Pennsylvania law, it appears from the available record that the trial court erred by vacating Mr. Morales's sentence upon his filing of a post-sentence motion. Pennsylvania Rule of Criminal Procedure 720 (formerly Rule 1410) specifically provides that the "judge shall not

2

motion and reduced the sentence for third degree murder to a term of 13 to 26 years' imprisonment.[4]

On January 26, 2001, Morales filed a notice of appeal with the Pennsylvania Superior Court. Mr. Morales, who by this time was represented by counsel, submitted a Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule 1925(b),[5] arguing that the trial court erred by finding malice, that the trial court returned inconsistent verdicts when it convicted him of third degree murder while acquitting him of aggravated assault and attempted murder, and that the evidence proffered at trial was insufficient to support the guilty verdict on the third degree murder charge.

The Commonwealth filed a motion to quash the trial court's order imposing the reduced sentence, arguing that the trial court had exceeded it jurisdiction by granting Mr. Morales's post-

---

vacate the sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph." Pa. R. Crim. P. 720. This Rule provides that a judge must decide a post-sentence motion, such as the one filed by Mr. Morales, within 120 days of the filing of the motion. Id. If the judge fails to decide the motion within 120 days, or to grant an extension as permitted under the rules, the motion shall be deemed denied by operation of law. Id.

[4] As noted above, see supra note 3, under Pennsylvania law, Mr. Morales's motion should have been denied by operation of law on November 26, 2000, once 120 days elapsed after the motion was filed. However, the trial judge proceeded to grant Mr. Morales's motion on January 11, 2001, 169 days after it was filed.

[5] Rule 1925(b) of the Pennsylvania Rule of Appellate Procedure provides as follows:

> The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa. R. App. P. 1925(b).

conviction motion more than 120 days after the motion was filed. On January 25, 2002, the Superior Court granted the Commonwealth's motion to quash,[6] vacated the reduced sentence imposed by the trial court, and ordered the trial court to reinstate its July 24, 2000 sentence of 15 to 30 years' imprisonment. Commonwealth v. Morales, No. 410 EDA 2001 (Pa. Super. Ct. Jan. 25, 2002) (per curiam Order).

On remand the trial court refused to follow the Superior Court's order, and, on May 22, 2002, reimposed the reduced sentence of 13 to 26 years. Both parties appealed. The trial court ordered Mr. Morales to file a Rule 1925(b) Statement, but Mr. Morales failed to do so. In a non-precedential opinion dated September 4, 2003, the Superior Court held that because Mr. Morales did not file a Rule 1925(b) Statement, outlining the issues to be raised on appeal, he had waived his claims. Therefore, the Superior Court affirmed his conviction. As to the Commonwealth's appeal, the court held that, pursuant to Pennsylvania Rule of Criminal Procedure 720, the trial court lacked jurisdiction to reduce Mr. Morales's sentence. The Superior Court vacated the trial court's May 22, 2002 order, and again reinstated the July 24, 2000 sentence.

On December 10, 2004, the trial court complied with the Superior Court's ruling and reimposed its July 24, 2000 sentence of 15 to 30 years' imprisonment. On January 5, 2005, Mr. Morales timely filed a pro se notice of appeal, stating that he was appealing "his entire case," as

---

[6] As the Superior Court held in a subsequent opinion, it granted the Commonwealth's motion to quash and vacated the trial court's order because the trial judge had exceeded his jurisdiction by granting Mr. Morales's Motion for Reconsideration after the 120-day period statutory period in which the judge could decide such a motion had expired. See Pa. R. Crim. P. 720.

well as the sentence of 15 to 30 years' imprisonment imposed by the trial court.[7] Thereafter, the Court of Common Pleas appointed Edward C. Meehan, Jr. to serve as counsel to represent Mr. Morales with respect to his appeal. The Superior Court granted Mr. Morales until August 29, 2005 to file his appellate brief.

The record is unclear as to exactly what happened next. The Superior Court docket (No. 229 EDA 2005) reflects that Mr. Meehan entered an appearance as counsel on February 23, 2005. However, on April 5, 2005, Mr. Morales filed a pro se motion to appoint counsel, which the court denied by order dated April 22, 2005. There is no entry on the docket indicating that Mr. Meehan withdrew, or sought to withdraw, as counsel for Mr. Morales. However, neither Mr. Morales or Mr. Meehan filed a brief with the Superior Court because the docket reflects that the court dismissed the appeal on September 26, 2005 due to failure to file an appellate brief.[8]

Mr. Morales never sought to reinstate or re-file his state court appeal. Further, Mr. Morales never filed a petition for post-conviction relief in state court, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. Instead, Mr. Morales filed the instant pro se petition for writ of habeas corpus in federal court pursuant to 18 U.S.C. § 2254.

---

[7] In his notice of appeal, Mr. Morales listed substantially the same claims that he now raises in his habeas petition: illegal indictment, violation of Miranda rights, allowing inadmissible testimony to be given in court, denial of speedy trial rights, ineffectiveness of counsel, denial of jury trial, violation of plea agreement, and "whatever other issue's [sic] that Petitioner/ Defendants [sic] "Newly Appointed Attorney [to Replace Daniel Paul Alva]" may add to this present appeal." Pet.'s Notice of Appeal at 2, Commonwealth v. Morales, No. CP 99-10-0314-11.

[8] The Superior Court's per curiam Order, dated September 26, 2005, dismissed Mr. Morales's appeal because his "counsel . . . failed to file a Brief for Appellant." Commonwealth v. Morales, No. 229 EDA 2005 (Pa. Super. Ct. Sept. 26, 2005) (per curiam Order).

Mr. Morales signed and dated his petition on October 31, 2005, and filed it with the Court shortly thereafter. The Respondents filed an answer to Mr. Morales's habeas petition on January 19, 2006. The Court referred this matter to Magistrate Judge Angell for a Report and Recommendation. On June 26, 2006, Judge Angell filed a Report and Recommendation (Docket No. 10), recommending that Mr. Morales's Petition be dismissed without prejudice due to his failure to exhaust state court remedies. At that time, the statute of limitations for Mr. Morales to file a petition pursuant to the PCRA had not yet run, and he had until October 25, 2006 in which to file a timely PCRA petition and seek review of some of his claims.

**LEGAL STANDARD**

When a habeas petition has been referred to a magistrate judge, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.[9]

**DISCUSSION**

    A.    **Failure to Exhaust**

The habeas statute requires that prisoners exhaust their claims in state court before seeking relief from the federal courts. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the

---

[9] The Court reviewed Mr. Morales's habeas petition (Docket No. 1), the Defendants' response thereto (Docket No. 6), Mr. Morales' reply and memorandum in support of his petition (Docket No. 9), the Report and Recommendation of Magistrate Judge Angell (Docket No. 10), Mr. Morales's objections thereto (Docket No. 13), and the record received from the Pennsylvania state courts.

courts of the State."). Absent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 3354(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). Principles of comity "dictate that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844-45. The petitioner bears the burden of proving that he has exhausted available state remedies. Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990).

A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before this Court may review the merits of Mr. Morales's Petition, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. To demonstrate exhaustion, the petitioner must show that the claim he asserts in federal court has been "fairly presented" to the state courts. Landano, 897 F.2d at 668 (citing Picard v. Connor, 404 U.S. 270, 275 (1971); Ross v. Petsock, 868 F.2d 639, 641 (3d Cir. 1989)). To be "fairly presented," the federal claim must be the substantial equivalent of that presented to the state courts. Id. at 668. The Court of Appeals for the Third Circuit has interpreted "substantial equivalence" to mean that "both the legal theory and the facts on which a federal claim rests must have been presented to the state courts." Id. (citing Ross, 868 F.2d at 641). This ensures that "the same method of legal analysis" used by the federal court was available to the state court when it adjudicated the claim. Id. at 669. A petitioner must exhaust state remedies as to each of

his federal claims.  Id.

In his federal habeas petition, Mr. Morales raises the following ten claims:

1. <u>Illegal Indictment</u>: "It was not 3rd degree murder, it was an accidental shooting in which the bullet fired went through a wall and struck your Petitioner's best friend, Petitioner immediately called police and tried to save his best friends life." <u>See</u> Pet.'s Application Form for Habeas Corpus (Docket No. 1) at 9 and reverse side of 9.

2. <u>Violation of Petitioner's Miranda Rights</u>: "When police arrived at the accidental shooting sight, the police questioned Petitioner as to what happened, and Petitioner told the police everything that happened, and showed the police were the gun was. And the police arrested petitioner. No one ever read or told Petitioner of his Maranda rights [sic].  And the police continued this questioning at the police station."  <u>Id.</u>

3. <u>Inadmissible Testimony</u>: "Allowing dead mans [sic] mother to testify in court that Petitioner was the king drug-dealer in Spanish Harlem, which had nothing to do with the accidental shooting and death."  <u>Id.</u>

4. <u>Denied Speedy Trial</u>: "Petitioner requested a speedy trial, in writing, to court appointed attorney Alva, and to president judge, and district attorneys office [sic]."  <u>Id.</u>

5. <u>Denied Jury Trial</u>: "Attorney Alva told your petitioner, if he droped [sic] his request for a speedy trial, and a jury trial, and took a trial by judge - that the judge and district attorney both agreed to give Petitioner a sentence no greater than 2 ½ to 5 years. But if Petitioner pushed for a speedy jury trial, that the judge would put Petitioner in prison until he was a very old man . . ."  <u>Id.</u>

6. <u>Ineffective Assistance of Counsel</u>: "Attorney Alva tricked Petitioner into a trial by judge, and betrayed your Petitioner, and allowed all of the aforementioned to happen to Petitioner."  <u>Id.</u>

7. <u>Violation of Plea Agreement</u>: "Petitioner was promised a 2 ½ to 5 year sentence for taking a trial by judge. But instead your petitioner was sentence to 15 to 30 years . . ."  <u>Id.</u>

8. <u>Denial of Due Process Rights</u>: "Superior Court denied Petitioner Due process, when they would not, [sic] appoint Petitioner anew [sic] attorney, when Petitioner proved to them that attorney Meehan filed errorous [sic] docket statement and would not answer Petitioners [sic] letters, or talk to Petitioner on the phone,

concerning his appeal . . ." Id.

9. Denial of Due Process Rights: "Supreme Court denied Petitioner Due Process when it would not honor Petitioners [sic] writ of mandamus, and would not take over Petitioners [sic] case, or hear Petitioners case based on all of the aforementioned issue's [sic] . . ." Id.

10. Conspiracy to Sabotage Petitioner's Appeal Process: "Petitioner believes there was/is a conspiracy to sabotage his appeal process, between the Common Pleas Court, the Superior Court, and the Supreme Court - in that, there is no other reason for "[sic] the courts, highly trained professionals, to not act upon the legal writs and factual evidence that Petitioner submitted to them, and not to uphold the sworn duties of their offices - unless such a conspiracy was factual [sic] . . ." Id.

As noted above, due to his appointed counsel or otherwise, Mr. Morales never successfully appealed his conviction within the Pennsylvania courts. Put differently, no appellate court in Pennsylvania has considered the merits of any claims raised by Mr. Morales on any appeal related to his conviction. In its September 4, 2003 opinion, the Superior Court noted that Mr. Morales raised the claim that the evidence presented at trial was insufficient to sustain his conviction for third degree murder. Commonwealth v. Morales, No. 1779 EDA 2002, at 4 (Pa. Super. Ct. Sept. 4, 2003) (non-precedential slip. op.). However, the court found that Mr. Morales had waived this claim (and, presumably, any other claims he may have raised on appeal)[10] because in order to preserve a claim for appellate review, an appellant is required to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925(b), when ordered to do so.

---

[10] It is unclear exactly what claims Mr. Morales may have raised on appeal because, as the Superior Court noted, he failed to file a Rule 1925(b) Statement, which would have indicated which issues he intended to raise on appeal. In its opinion, the Superior Court only specifically referred to a single claim raised by Mr. Morales – the insufficient evidence claim – but then stated that Mr. Morales had waived his "claims." Presumably, Mr. Morales may have raised informally other claims before the Superior Court, but because he failed to file a Rule 1925(b) Statement, all such claims were deemed waived. Commonwealth v. Morales, No. 1779 EDA 2002, at 4 (Pa. Super. Ct. Sept. 4, 2003) (non-precedential slip. op.).

Id. (citing Commonwealth v. Lord, 553 Pa. 415 (1998). The court held that any issues not raised in a Rule 1925(b) statement are deemed waived. Id. Because the trial court had ordered Mr. Morales to file a statement, and he failed to do so, the court found his claims to be waived. Id.

When Mr. Morales attempted to appeal this ruling, his appointed counsel failed to file a brief on appeal, and his appeal was dismissed without the court determining the merits of his various claims.

To satisfy the exhaustion requirement, state prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Mr. Morales has not pursued "one complete round" of the direct appeal review process, and never initiated the PCRA review process. Thus, Mr. Morales has failed to fully exhaust his state remedies because he has not presented his federal claims to any state appellate court. This Court may not review the merits of Mr. Morales's claims until he has fully exhausted all of his claims in state court. Here, however, Mr. Morales's claims are now procedurally defaulted under state law because the PCRA statute of limitations has expired.

**B.    Time Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus must be filed within one year from "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) and (d)(2).[11] The AEDPA one-year

---

[11] None of the other possible "start dates" found in § 2244(d)(1) apply here: no state action prevented the timely filing of the instant action; Mr. Morales does not rely on a new rule of retroactively applicable constitutional law; and the factual predicates for Mr. Morales's claims

time limit is statutorily tolled during the time when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An AEDPA time bar prevents consideration of the substantive grounds advanced in the request for relief.

The PCRA also provides a one-year limitations period.[12]  See 42 Pa. Cons. Stat. Ann. § 9545(b)(1).  A petition must be filed within one year of the conclusion of direct review, or at the expiration of the time period for seeking such review.  Id. § 9545.  The statute provides three exceptions to this time limitation: (1) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of the Commonwealth or the Constitution or laws of the United States; (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the expiration of the PCRA time period and which has been held by that court to apply retroactively.  Id. § 9545(b)(1).

The Supreme Court of Pennsylvania has held that the PCRA's time limitations are jurisdictional, meaning they "go to a court's right or competency to adjudicate a controversy." Commonwealth v. Cruz, 852 A.2d 287, 292 (Pa. 2004) ("[T]he time for filing a PCRA petition

---

stem from events that took place during the trial or on direct appeal and were discoverable in the exercise of due diligence.

[12] The PCRA provides for "an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa. Cons. Stat. Ann. § 9542. The PCRA is the exclusive means in Pennsylvania by which defendants may obtain collateral relief.  Id.

can be extended only to the extent that the PCRA permits it to be extended, i.e., by operation of one of the statutorily enumerated exceptions to the PCRA time-bar."). For this reason, equitable tolling may not be applied to petitions brought under the PCRA. McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695-96 (E.D. Pa. 2006). A court may only grant an extension of the time limit pursuant to the statutory exceptions. Commonwealth v. Fahy, 737 A.2d 214, 222-23 (Pa. 2002).

If a federal habeas petition is mixed, i.e., contains both exhausted and unexhausted claims, a federal court may stay the petition and hold it in abeyance until the unexhausted claims have been exhausted. A stay, as opposed to a dismissal, avoids the problematic result of a petition being time-barred upon the petitioner's return to federal court after exhausting all his claims.[13] If, however, state law "clearly foreclose[s] state court review of unexhausted claims,"

---

[13] Both the Supreme Court and the Court of Appeals for the Third Circuit have since recognized that rigid application of the ADEPA time limit in conjunction with the total exhaustion rule can lead to problematic results. In Rhines v. Weber, 544 U.S. 269, 275 (2005), the Supreme Court pinpointed the problem faced by prisoners filing mixed habeas petitions post-AEDPA:

> As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. . . . The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

Id. at 275; see also Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (noting that, under certain circumstances, "AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (internal citations omitted).

the exhaustion requirement is excused because under these circumstances, exhaustion is not

In Rhines, the Supreme Court held that under AEDPA, district courts retain the authority to issue stays that are a proper exercise of their discretion. Rhines, 544 U.S. at 276. The Court held that a district court should stay a mixed petition "if [1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. Under these circumstances, it would likely be an abuse of discretion to deny a stay. Id. See also Lundy, 455 U.S. at 522 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"); Crews, 360 F.3d at 154 ("district courts have the discretion to stay mixed habeas corpus petitions but . . . when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action").

Although this line of cases specifically addressed only "mixed" petitions, the circumstances facing petitioners with exclusively unexhausted claims are closely analogous. As the Supreme Court noted in Rhines, "[e]ven a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case." Rhines, 544 U.S. at 275. This is equally true for those petitioners with exclusively unexhausted claims as it is for those with mixed petitions because under no circumstances was the total exhaustion requirement intended to "unreasonably impair the prisoner's right to relief." Lundy, 455 U.S. at 522. However, neither the Supreme Court nor Court of Appeals for the Third Circuit has applied the stay-and-abeyance procedure to "unmixed" petitions.

Alternatively, some courts have suggested that equitable tolling may be an appropriate way to address petitions containing exclusively unexhausted claims. See, e.g., Duncan v. Walker, 533 U.S. 167, 184 (2001) (Stevens, J., concurring) ("[A] federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar habeas review for petitioners who invoke the court's jurisdiction within the 1-year interval prescribed by AEDPA," but "whose timely filed petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted."); Hargrove v. Brigano, 300 F.3d 717, 721 (6th Cir. 2002) (holding that, under certain circumstances, prospective equitable tolling is a reasonable alternative to dismissal); Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002) ("under appropriate circumstances the petitioner may be entitled to equitable tolling).

Here, Mr. Morales timely filed his habeas petition on October 31, 2005, at which point he had almost the full year to file either a federal habeas petition or a state PCRA petition. When the Report and Recommendation was filed on June 26, 2006, Mr. Morales had four months remaining in both his federal and state limitations periods. As of the date of this Memorandum and Order, however, both the AEDPA limitations period and the PCRA limitations periods have expired. If Mr. Morales's Petition is denied at this juncture, he will be effectively deprived of a federal forum. Even if he were able to subsequently exhaust state remedies, he will be time-barred upon his return to federal court. See Crews, 360 F.3d at 151. The Court, however, will not reach the question of whether a stay or equitable tolling would be appropriate in this case because Mr. Morales's claims are now procedurally defaulted under state law.

possible and, therefore, pursuit of state court remedies would be futile. See Touloson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Slutzker v. Johnson, 393 F.3d 373, 380 (3d Cir. 2004) ("The exhaustion requirement does not apply, however, in cases where the state courts would not consider the unexhausted claims because they are procedurally barred."). The Court of Appeals, however, has cautioned that "[t]he mere existence of a state procedural rule that would appear to bar relief is not . . . sufficient to avoid the exhaustion requirement." Slutzker, 393 F.3d at 380. Thus, if there is "any likelihood that the state courts would consider the merits of a petitioner's claim, the federal courts should dismiss his petition and allow him to seek relief in state courts." Id. Conversely, "if state law '*clearly* foreclose[s] state court review of the unexhausted claims,'" the exhaustion requirement is excused. Id. (citing Toulson, 987 F.2d at 987).

Here, the Pennsylvania Superior Court denied Mr. Morales's appeal on September 26, 2005. Mr. Morales would have had thirty (30) days to appeal that order, which he did not do. Thus, Mr. Morales's judgment of sentence became final on October 26, 2005, at which time the AEDPA and PCRA one-year time limits began to run, giving Mr. Morales until October 25, 2006 to properly file a federal habeas petition. Mr. Morales timely filed the present petition on October 31, 2005. As of the date of this Memorandum and Order, however, both the AEDPA and PCRA one-year time limits have expired. If Mr. Morales were to file a PCRA petition, his claims would only be heard on the merits if one of the statutory exceptions applied.[14]

Mr. Morales raises ten claims in his petition. Arguably, Mr. Morales raised at least one

---

[14] The fact that Mr. Morales's federal habeas petition was pending past the limitations period does not constitute cause to excuse Mr. Morales's state court procedural default for the purpose of federal review. The PCRA limitations period is not tolled during federal habeas review. Fahy, 737 A.2d at 222-23. As previously noted, equitable tolling may not be applied to petitions brought under the PCRA. Id. at 222.

14

of these claims in state court, which makes his petition a "mixed" petition.  With respect to each of these claims, however, it is clear that the statutory exceptions to the PCRA time limit do not apply.  First, nothing in the record indicates that Mr. Morales failed to raise any of these claims in state court because of the interference of government officials.[15]  Second, the bases for his alleged claims were not unknown to Mr. Morales at the time of his state court appeal because each claim stems from events that took place during the trial or on direct appeal and were discoverable long before in the exercise of due diligence.  Finally, Mr. Morales does not assert a newly recognized constitutional right.

Thus, the exhaustion requirement must be excused as to the unexhausted claims presented here because they were not raised in state court before the PCRA one-year limitations period expired and do not fall within any of the statutory exceptions to that time limit.  See 28 U.S.C. § 2254(b)(1)(B); Slutzker, 393 F.3d at 380 ("Since Slutzker gets no help from the statutory exceptions, and since the Pennsylvania courts will not consider late-filed petitions, there is no doubt that Slutzker cannot now bring his *Brady* claim in the Pennsylvania courts.  Thus his failure to exhaust that claim is excused under 28 U.C.S. § 2254(b)(1)(B)"); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001) (stating that if petitioner "could still present his federal claim to the state courts at this late date, we would be compelled to dismiss his petition, but it is undisputed that the Pennsylvania courts would not entertain that claim" where it is time-barred by the PCRA); McCabe, 419 F. Supp. 2d at 696 (independently determining that petitioner's

---

[15] To the extent Mr. Morales would claim that ineffective assistance of counsel prevented him from raising any of these claims, he cannot invoke this statutory exception because the term "government officials" does not include petitioner's own defense counsel, including court-appointed counsel.  Pursell, 749 A.2d at 916.

15

unexhausted claims were time-barred and consequently declining to dismiss the petition).

### C. Procedural Default

Even if the exhaustion requirement is excused, the Court lacks jurisdiction to consider "an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." Harris v. Reed, 489 U.S. 255, 260 (1989). Such claims are considered to be procedurally defaulted. If a petitioner's unexhausted claims have been procedurally defaulted, a federal court may review those claims on the merits only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

To establish the requisite cause, a petitioner must "demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002) (quoting Coleman, 501 U.S. at 753). The cause must be "something that cannot fairly be attributed to the petitioner." Johnson v. Klem, No. 04-410, 2004 WL 1175575, at *2 (E.D. Pa. May 26, 2004), Report and Recommendation adopted by 2004 WL 1552003 (E.D. Pa. Jul. 9, 2004) (quoting Coleman, 501 U.S. at 753).

To establish prejudice, the petitioner must demonstrate that "the alleged error 'worked to [Petitioner's] actual and substantial disadvantage.'" United States v. Rodriguez, 153 F. Supp. 2d 590, 594 (E.D. Pa. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Specifically, Mr. Morales must show not merely the alleged errors during his trial created the *possibility* of prejudice, but that "they worked to his actual and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

To show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. McCabe, 419 F. Supp. 2d at 697 (citing Cristin, 281 F.3d at 412).

Because Mr. Morales's claims were not procedurally defaulted at the time he filed this Petition or at time he filed his objections to the Report and Recommendation, he has not had the opportunity to be heard on these issues. Accordingly, Mr. Morales shall have 30 days to demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or to show that failure to consider the claims will result in a fundamental miscarriage of justice. See McCabe, 419 F. Supp. 2d at 701 (providing petitioner 30 days to make showing of cause and prejudice or fundamental miscarriage of justice).

**CONCLUSION**

For the foregoing reasons, the Court will adopt in part and modify in part the Report and Recommendation. Mr. Morales did not raise in state court any of the claims he seeks to present here and thus failed to exhaust his state remedies. These claims, however, were procedurally defaulted while Mr. Morales's federal habeas petition was pending.[16] Consequently, the Court will provide Mr. Morales with 30 days from the date of this Memorandum and Order to identify and address any cause and prejudice, or a fundamental miscarriage of justice, which would permit the Court to rule on the merits of his procedurally defaulted claims.

                                                       S/Gene E.K. Pratter
                                                       GENE E.K. PRATTER
                                                       UNITED STATES DISTRICT JUDGE

June 27, 2007

---

[16] As noted above, Mr. Morales originally objected to the Report and Recommendation in this case (see Docket No. 13), but later withdrew those objections (see Docket No. 14), requesting that the Court deny his habeas petition without prejudice, which in his view, would enable him to pursue the state court remedies that were available to him. The Court notes that no order of this Court is required in order for Mr. Morales to pursue any action in state court. In fact, as explained above, the federal habeas laws require an inmate, absent exceptional circumstances, to pursue and exhaust all available remedies in state court prior to filing a habeas petition in federal court. It is indeed unfortunate that the time frame within which Mr. Morales could have filed for post-conviction relief in state court expired while his habeas petition was pending in this Court. However, Mr. Morales need not have waited for this Court's disposition before filing for relief in state court and, although the Court determined that the one-year statute of limitations under Pennsylvania's PCRA expired, and, therefore, his options in the state courts may be foreclosed, this Court cannot gainsay what action the state courts will take, and nothing in this Court's opinion should prevent Mr. Morales from seeking relief from the state courts.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO MORALES,** <u>**PRO** **SE**</u>**,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **ROBERT SHANNON, ET AL.,** | : | |
| Defendants. | : | No. 05-6054 |

**ORDER**

     **AND NOW**, this 27th day of June, 2007, upon consideration of the Petition for Writ of Habeas Corpus of Ricardo Morales (Docket No. 1), the Defendants' response thereto (Docket No. 6), Petitioner's reply (Docket No. 9), and after <u>de</u> <u>novo</u> review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge (Docket No. 10), and Petitioner's objections thereto (Docket No. 13), it is hereby **ORDERED** that:

1. The Report and Recommendation is **ADOPTED IN PART** and **MODIFIED IN PART**;

2. Petitioner's objections are **DENIED**;

3. The Petition (Docket No. 1) is **STAYED** to permit Mr. Morales to have thirty (30) days from the date of this Order to supplement his Petition to identify facts demonstrating cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice; and

4. There is no basis on which to issue a Certificate of Appealability under 28 U.S.C. § 2253.[17]

                                            BY THE COURT:

                                            S/Gene E.K. Pratter
                                            GENE E.K. PRATTER
                                            UNITED STATES DISTRICT JUDGE

---

[17] Mr. Morales has not made a substantial showing of the denial of a constitutional right for any of his claims as required under 28 U.S.C. § 2253(c)(2).