**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICARDO MORALES,** | : | **CIVIL ACTION** |
| PRO SE, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **ROBERT SHANNON, ET AL.,** | : | |
| **Defendants.** | : | **No. 05-6054** |

**MEMORANDUM AND ORDER**

PRATTER, DISTRICT JUDGE                                      AUGUST 21, 2007

Ricardo Morales petitions for habeas corpus relief pursuant to 18 U.S.C. § 2254 from a

conviction and sentence imposed by the Court of Common Pleas of Philadelphia County and

affirmed by the Pennsylvania Superior Court.  In a Memorandum and Order dated June 27, 2007

(Docket No. 15), the Court found that all of Mr. Morales's claims for relief were procedurally

defaulted.[1]  However, because Mr. Morales's claims were not procedurally defaulted at the state

court level prior to the date he filed his petition for federal habeas relief, the Court afforded Mr.

Morales the opportunity to demonstrate cause for the procedural default and actual prejudice as a

result of the alleged violations of federal law, or, in the alternative, to demonstrate that the failure

to consider his claims will result in a fundamental miscarriage of justice.  Mr. Morales thereafter

---

[1] Prior to the Court's June 27, 2007 Memorandum, the Court had referred this matter to the
Honorable Judge M. Faith Angell, United States Magistrate Judge, for a Report and
Recommendation.  Judge Angell recommended that Mr. Morales's Petition be denied for failure
to exhaust state remedies and dismissed without prejudice.  The Court conducted a de novo
review for Mr. Morales's claims, pursuant to the mandate contained in 28 U.S.C. § 636(b)(1)(c),
and concluded that Mr. Morales had failed to exhaust state court remedies before filing for
habeas relief in federal court.  However, because Mr. Morales's statutory one-year time limit to
seek post-conviction relief in state court had expired on October 25, 2006, and absent
circumstances warranting statutory tolling, the Court found that Mr. Morales's claims were
procedurally defaulted.

submitted a "Motion to Show Cause and Prejudice" (Docket No. 18), in which he admirably attempted to demonstrate cause and prejudice, and a fundamental miscarriage of justice. The Court has considered the arguments presented in Mr. Morales's supplemental brief, as well those presented in his previous filings in this Court.[2]  For the reasons provided below, Mr. Morales's Petition will be dismissed.

**BACKGROUND**

On July 12, 2000, following a bench trial before the Honorable Gregory E. Smith of the Court of Common Pleas of Philadelphia County, Mr. Morales was convicted of third-degree murder, possession of an instrument of crime, simple assault and recklessly endangering another person.  On July 24, 2000, he was sentenced to a term of imprisonment of 15 to 30 years.[3]  On July 26, 2000, Mr. Morales filed a timely post-sentence motion for reconsideration of the sentence.[4]  On the same day, the trial court vacated Mr. Morales's sentence pending resolution of

---

[2] The Court reviewed Mr. Morales's habeas petition (Docket No. 1), the Defendants' response thereto (Docket No. 6), Mr. Morales' reply and memorandum in support of his petition (Docket No. 9), the Report and Recommendation of Magistrate Judge Angell (Docket No. 10), Mr. Morales's objections thereto (Docket No. 13), Mr. Morales's Motion to Show Cause and Prejudice (Docket No. 18), and the record received from the Pennsylvania state courts.

[3] Mr. Morales was sentenced to concurrent terms of imprisonment of 15 to 30 years for third degree murder, two and one-half years to five years for possessing an instrument of crime, and one to two years for recklessly endangering another person.  His simple assault conviction was merged with third degree murder for purposes of sentencing.

[4] Mr. Morales's Motion for Reconsideration was prepared and filed by Mr. Morales's trial counsel, Daniel-Paul Alva.  In this motion, Mr. Morales sought reconsideration of the sentence imposed only.  In particular, he argued that the sentence imposed was outside the applicable sentencing guidelines, and that the victim impact statement given at his sentencing was improper.  Mr. Morales did not challenge the underlying conviction.  See Pet.'s Mot. for Reconsideration of Sentence, Commonwealth v. Morales, No. C.P. 9910-0314.

his motion for reconsideration.[5]  On January 11, 2001, the trial court granted Mr. Morales's

motion and reduced the sentence for third degree murder to a term of 13 to 26 years'

imprisonment.[6]

On January 26, 2001, Morales filed a notice of appeal with the Pennsylvania Superior

Court.  Mr. Morales, who at that time was represented by counsel, submitted a Statement of

Matters Complained of on Appeal pursuant to Pennsylvania Rule 1925(b),[7] arguing that the trial

court erred by finding malice, that the trial court returned inconsistent verdicts when it convicted

him of third degree murder while acquitting him of aggravated assault and attempted murder, and

that the evidence proffered at trial was insufficient to support the guilty verdict on the third

─────────────────────

[5] Under Pennsylvania law, it appears from the available record that the trial court erred by vacating Mr. Morales's sentence upon his filing of a post-sentence motion.  Pennsylvania Rule of Criminal Procedure 720 (formerly Rule 1410) specifically provides that the "judge shall not vacate the sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph."  Pa. R. Crim. P. 720.  This Rule provides that a judge must decide a post-sentence motion, such as the one filed by Mr. Morales, within 120 days of the filing of the motion.  Id.  If the judge fails to decide the motion within 120 days, or to grant an extension as permitted under the rules, the motion shall be deemed denied by operation of law.  Id.

[6] As noted above, see supra note 5, under Pennsylvania law, Mr. Morales's motion should have been denied by operation of law on November 26, 2000, once 120 days elapsed after the motion was filed.  However, the trial judge proceeded to grant Mr. Morales's motion on January 11, 2001, 169 days after it was filed.

[7] Rule 1925(b) of the Pennsylvania Rule of Appellate Procedure provides as follows:

The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa. R. App. P. 1925(b).

degree murder charge.

The Commonwealth filed a motion to quash the trial court's order imposing the reduced sentence, arguing that the trial court had exceeded it jurisdiction by granting Mr. Morales's post-conviction motion more than 120 days after the motion was filed.  On January 25, 2002, the Superior Court granted the Commonwealth's motion to quash,[8] vacated the reduced sentence imposed by the trial court, and ordered the trial court to reinstate its July 24, 2000 sentence of 15 to 30 years' imprisonment.  Commonwealth v. Morales, No. 410 EDA 2001 (Pa. Super. Ct. Jan. 25, 2002) (per curiam Order).

On remand the trial court refused to follow the Superior Court's order, and, on May 22, 2002, reimposed the reduced sentence of 13 to 26 years.  Both parties appealed.  The trial court ordered Mr. Morales to file a Rule 1925(b) Statement, but Mr. Morales failed to do so.  In a non-precedential opinion dated September 4, 2003, the Superior Court held that because Mr. Morales did not file a Rule 1925(b) Statement, outlining the issues to be raised on appeal, he had waived his claims.  Therefore, the Superior Court affirmed his conviction.  As to the Commonwealth's appeal, the court held that, pursuant to Pennsylvania Rule of Criminal Procedure 720, the trial court lacked jurisdiction to reduce Mr. Morales's sentence.  The Superior Court vacated the trial court's May 22, 2002 order, and again ordered the trial court to reinstate the July 24, 2000 sentence.

On December 10, 2004, the trial court complied with the Superior Court's ruling and

---

[8] As the Superior Court held in a subsequent opinion, it granted the Commonwealth's motion to quash and vacated the trial court's order because the trial judge had exceeded his jurisdiction by granting Mr. Morales's Motion for Reconsideration after the 120-day statutory period had expired.  See Pa. R. Crim. P. 720.

reimposed its July 24, 2000 sentence of 15 to 30 years' imprisonment.  On January 5, 2005, Mr.

Morales timely filed a pro se notice of appeal, stating that he was appealing "his entire case," as

well as the sentence of 15 to 30 years' imprisonment imposed by the trial court.[9]  Thereafter, the

Court of Common Pleas appointed Edward C. Meehan, Jr. to serve as counsel to represent Mr.

Morales with respect to his appeal.  The Superior Court granted Mr. Morales until August 29,

2005 to file his appellate brief.

The record is unclear as to exactly what happened next.  The Superior Court docket (No.

229 EDA 2005) reflects that Mr. Meehan entered an appearance as counsel on February 23,

2005.  However, on April 5, 2005, Mr. Morales filed a pro se motion to appoint counsel, which

the court denied by order dated April 22, 2005.  There is no entry on the docket indicating that

Mr. Meehan withdrew, or sought to withdraw, as counsel for Mr. Morales.  However, neither Mr.

Morales or Mr. Meehan filed a brief with the Superior Court because the docket reflects that the

court dismissed the appeal on September 26, 2005 due to failure to file an appellate brief.[10]

Mr. Morales never sought to reinstate or re-file his state court appeal.  Further, Mr.

Morales never filed a petition for post-conviction relief in state court, pursuant to Pennsylvania's

Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  Instead, Mr.

---

[9] In his notice of appeal, Mr. Morales listed substantially the same claims that he now raises in his habeas petition: illegal indictment, violation of Miranda rights, allowing inadmissible testimony to be given in court, denial of speedy trial rights, ineffectiveness of counsel, denial of jury trial, violation of plea agreement, and "whatever other issue's [sic] that Petitioner/ Defendants [sic] "Newly Appointed Attorney [to Replace Daniel Paul Alva]" may add to this present appeal."  Pet.'s Notice of Appeal at 2, Commonwealth v. Morales, No. CP 99-10-0314-11.

[10] The Superior Court's per curiam Order, dated September 26, 2005, dismissed Mr. Morales's appeal because his "counsel . . . failed to file a Brief for Appellant."  Commonwealth v. Morales, No. 229 EDA 2005 (Pa. Super. Ct. Sept. 26, 2005) (per curiam Order).

Morales filed the instant <u>pro se</u> petition for writ of habeas corpus in federal court pursuant to 18 U.S.C. § 2254.

**LEGAL STANDARD**

If a petitioner's unexhausted claims have been procedurally defaulted, a federal court may review those claims on the merits only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

To establish the requisite cause, a petitioner must "demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." <u>Cristin v. Brennan</u>, 281 F.3d 404, 412 (3d Cir. 2002) (<u>quoting</u> <u>Coleman</u>, 501 U.S. at 753). The cause must be "something that cannot fairly be attributed to the petitioner." <u>Johnson v. Klem</u>, No. 04-410, 2004 WL 1175575, at *2 (E.D. Pa. May 26, 2004), <u>Report and Recommendation adopted by</u> 2004 WL 1552003 (E.D. Pa. Jul. 9, 2004) (<u>quoting</u> <u>Coleman</u>, 501 U.S. at 753).

To establish prejudice, the petitioner must demonstrate that "the alleged error 'worked to [Petitioner's] actual and substantial disadvantage.'" <u>United States v. Rodriguez</u>, 153 F. Supp. 2d 590, 594 (E.D. Pa. 2001) (<u>quoting</u> <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)). Specifically, Mr. Morales must show not merely the alleged errors during his trial created the <u>possibility</u> of prejudice, but that "they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170.

To show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for

which he has been convicted.  McCabe v. Commonwealth, 419 F. Supp. 2d 692, 697 (E.D. Pa. 2006) (citing Cristin, 281 F.3d at 412).

**DISCUSSION**

### A.      Cause

Mr. Morales presents three arguments to support his claim that there was "cause" for his procedural default.  First, he argues that he adequately raised his claims, the same claims he raises here,[11] on direct appeal to the state court.  Secondly, he argues that he was caught in a "legal purgatory" throughout his direct appeal process, and that a "breakdown" in the state court system resulted in a denial of his procedural due process rights.  Finally, Mr. Morales argues that the inmate who had assisted him to pursue an appeal in the state court system, as well as to file the instant habeas petition, was released from prison due to an illness, and was therefore unable to assist Mr. Morales throughout the post-conviction process.  All three of these arguments lack merit.[12]

---

[11] In his federal habeas Petition, Mr. Morales raises ten claims: (1) illegal indictment; (2) violation of his Miranda rights; (3) trial court error and/or ineffective assistance of trial counsel for permitting inadmissible testimony; (4) denial of a speedy trial; (5) denial of a jury trial; (6) general ineffective assistance of counsel; (7) violation of plea agreement; (8) denial of due process rights due to the court's failure to appoint a new attorney, among other alleged errors; (9) denial of due process rights because the state court failed to "take over" Mr. Morales's case; and (10) conspiracy to sabotage Mr. Morales's appeal rights.  (See generally Pet. Habeas Corpus, Docket No. 1.)  Even a cursory review of Mr. Morales's Petition in conjunction with the state court record reveals that most of his ten claims are nonsensical or frivolous.  In his supplemental brief, Mr. Morales condensed his previous claims.  The Court discerns that Mr. Morales's essential claims are (A) that the evidence offered at trial was insufficient to support a verdict of third-degree murder, but may have supported a lesser offense, and (B) that he was denied due process due to "governmental interference," i.e., the state court's refusal to consider the merits of his appeals.

[12] The Court will not consider Mr. Morales's third "argument."  Simply stated, the inability of an inmate petitioner to receive legal assistance from another inmate does not provide

Mr. Morales's first and second arguments essentially claim the same thing: he argues that he adequately presented his claims on direct appeal, but that due to an alleged "breakdown," the state courts never properly considered the merits of his claims.

Immediately following his conviction, Mr. Morales initially filed a motion for reconsideration of his sentence with the trial court; he did not immediately appeal his conviction. The trial court initially agreed with Mr. Morales and reduced his sentence from 15 to 30 years' imprisonment to 13 to 26 years' imprisonment. Mr. Morales then appealed his conviction, and filed a Rule 1925 statement outlining the matters complained of on appeal. However, the appellate court never considered Mr. Morales's substantive claims on appeal. Instead, the appellate court found that the trial court lacked jurisdiction to reduce Mr. Morales's sentence, vacated the trial court's order, and ordered the trial court to reimpose the original 15 to 30 year sentence. On remand, the trial court refused to obey the appellate court's order and reimposed the reduced sentence.

Again, Mr. Morales appealed. However, with respect to this appeal, Mr. Morales failed to file a Rule 1925 statement as the trial court had ordered him to do. Consequently, the appellate court ruled that Mr. Morales had waived his claims. The court affirmed his conviction, and again ordered the trial court to reimpose Mr. Morales's original sentence. This time the trial court complied and reinstated Mr. Morales's original sentence.

Once more, Mr. Morales appealed. Initially, he submitted his notice of appeal pro se, but then the court appointed counsel. However, Mr. Morales's counsel, for reasons that are not apparent, failed to file an appellate brief, and the court subsequently dismissed Mr. Morales's

sufficient grounds for "cause" for a petitioner's procedural default.

appeal.  Mr. Morales never sought to challenge the dismissal of his appeal, reinstate or re-file his state court appeal, or file for post-conviction collateral relief in state court.  Instead, Mr. Morales proceeded directly to federal court and filed the instant habeas petition.

There is some resonance to Mr. Morales's contention that there was a "breakdown" in the state court system, as Mr. Morales spent some four years waiting for the state courts to determine the duration of his sentence, and finally to impose the sentence.  The Court is not unmindful of Mr. Morales's understandable frustration.  However, in his supplemental brief Mr. Morales does not provide a single reason that would constitute "cause" for his procedural default.  Mr. Morales failed to file the requisite Rule 1925 statement as part of his state court appeal, which resulted in the appellate court finding that he had waived his claims.  He offers no reason for failing to do so.[13]  In addition, he fails to provide any reason as to why his court-appointed counsel failed to

---

[13] In support of his argument that a "breakdown" in the state system constitutes "cause" for his default, Mr. Morales invokes Commonwealth v. Perry, 820 A.2d 734, 735 (Pa. Super. Ct. 2003).  In Perry, the Pennsylvania Superior Court noted that ordinarily, when a defendant files a post-sentence motion, the time for filing an appeal begins to run on the date the post-sentence motion is denied, either by the court or by operation of law.  Id.  In that case, the appellant's post-sentence motion should have been disposed of within the 120-day period set forth in Pa. R. Crim. P. 720.  The court found that the clerk of courts did not enter an order reflecting that the appellant's post-sentence motion was denied by operation of law.  Id.  The court noted that when the clerk of courts fails to enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of the same, a "breakdown in the court system" has occurred, and the court will not find an appeal untimely under those circumstances.  Id. (citing Commonwealth v. Repko, 817 A.2d 549 (Pa. Super. 2003); Commonwealth v. Braykovich, 664 A.2d 133 (Pa. Super. 1995)).  The court declined to quash the appellant's appeal on untimeliness grounds and proceed to determine the substantive issue raised.

The Perry decision addressed the timeliness of an appeal following the trial court's failure to rule on a post-sentence motion within the 120-day statutory period.  The court addressed circumstances in which a court may excuse an appellant's "untimely" appeal and consider the appellant's claims on the merits.  Mr. Morales argues that an identical breakdown occurred in the state court system with respect to his post-sentence motion and subsequent appeal, and, consequently, that this Court must now consider his claims.  Mr. Morales is mistaken because, as the Court explains more completely above, Mr. Morales cannot explain or circumvent his failure

file an appellate brief, which resulted in the dismissal of his most recent appeal.  Understandably,

Mr. Morales may not know why his counsel failed to prosecute his appeal, and counsel's

apparent failure in this regard is certainly unfortunate.  As unfortunate as that may be, however, it

does not entitle Mr. Morales to federal habeas relief because any claim that Mr. Morales's

appellate counsel was ineffective is procedurally defaulted.  To the extent that Mr. Morales

would argue that his default was due to his appellate counsel's failure to properly present these

claims on direct appeal, such a claim fails because a claim of ineffective assistance of counsel

constitutes "cause" for procedural default <u>only</u> if the claim was presented to the state courts

independently prior to its use to establish cause in the habeas context.  <u>Edwards v. Carpenter</u>, 529

U.S. 446, 452 (2000) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986)).  Therefore, Mr.

Morales has failed to establish "cause" for his procedural default.

**B.      Prejudice**

Because Mr. Morales has failed to demonstrate cause, the Court need not address the

prejudice requirement.  <u>Ross v. Vaughn</u>, No. 00-4902, 2001 U.S. Dist. LEXIS 14321, at *39 n.14

(E.D. Pa. June 13, 2001) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43 (1982) (because

---

to file a Rule 1925 statement with respect to his May 2002 appeal, his failure to file an appellate
brief with respect to his January 2005 appeal, and his failure to pursue any avenues of collateral,
post-conviction relief within the state court system.
     As in <u>Perry</u>, the trial court failed to rule on Mr. Morales's post-sentence motion within
the 120-day limit.  Instead, the trial court issued a ruling on the 169th day after the motion was
filed.  On appeal, the Superior Court vacated the trial judge's untimely ruling without issuing an
opinion, and later explained that the trial judge lacked jurisdiction to consider Mr. Morales's
motion after the 120-period had expired.  After the trial judge reimposed Mr. Morales's sentence,
Mr. Morales thereafter filed a <u>timely</u> appeal.  In addressing his claims on appeal, the Superior
Court did <u>not</u> find that Mr. Morales's appeal was <u>untimely</u>; it found that he had <u>waived</u> his
claims due to his failure to file a Rule 1925 statement.  Therefore, <u>Perry</u> is inapposite.  Had Mr.
Morales complied with the trial court's order requiring him to file a Rule 1925 statement, the
Superior Court very well may have considered his claims on the merits.

petitioner lacked cause for default, the court need not consider whether he also suffered actual

prejudice)).  The Court notes, however, that in his supplemental brief, Mr. Morales does not

advance any arguments explaining how any alleged errors at trial disadvantaged him in any way,

let alone how such errors "infect[ed] his entire trial with error of constitutional dimensions."

Frady, 456 U.S. at 170.

### C.    Fundamental Miscarriage of Justice

If a petitioner cannot demonstrate cause and prejudice for his default, the Court still may

consider the petitioner's claims on the merits if the failure to consider the claims results in a

"fundamental miscarriage of justice" which, in this context, means only that the petitioner is

actually innocent of the offense.  Murray v. Carrier, 477 U.S. 478, 495-96 (1986).  "Actual

innocence" means factual innocence, not merely legal insufficiency, and the miscarriage of

justice exception applies only in extraordinary cases.  See Bousley v. United States, 523 U.S.

614, 623 (1998).  A petitioner establishes actual innocence by asserting "new reliable evidence -

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence - that was not presented at trial," showing that no reasonable juror would have

found the petitioner guilty beyond a reasonable doubt.  Hubbard v. Pinchak, 378 F.3d 333,

339-40 (3d Cir. 2004) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995).

In his supplemental motion, Mr. Morales professes "actual and factual" innocence.  (Pet.

Mot. 1.)  He states that "[i]n this case there was not a shred of evidence presented that petitioner

murder [sic] his best friend . . . ."  (Pet. Mot. 4.)  In the following paragraph, however, Mr.

Morales admits that he discharged a handgun, firing multiple shots through the wall of his

bathroom, striking and killing his friend.  (Pet. Mot. 4.)  Therefore, Mr. Morales does not actually

11

profess "actual innocence" of any of the crimes for which he was convicted.  Rather, he claims that he should not have been convicted of third-degree murder, but should have been convicted, at most, of involuntary manslaughter.  Specifically, he claims that the prosecution failed to provide evidence of malice, a prerequisite for third-degree murder.

However, Mr. Morales does not contend that he can produce new evidence in this case, he simply believes that the trial judge "got it wrong."  See In re Minarik, 166 F.3d 591, 607 (3d Cir. 1999) ("We further assume that 'actual innocence' of the crime charged would include the situation where the new evidence would show the petitioner not guilty of first degree murder, though guilty of some lesser offense.").  Therefore, he has not shown that the failure to consider the claims results in a "fundamental miscarriage of justice."

## CONCLUSION

For the foregoing reasons, Mr. Morales's Petition will be dismissed.  Mr. Morales has not made a substantial showing of the denial of a constitutional right for any of his claims as required under 28 U.S.C. § 2253(c)(2).  Consequently, there is no basis on which to issue a Certificate of Appealability.

_____ /s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO MORALES,** | : | **CIVIL ACTION** |
| **PRO SE,** | : | |
|       **Petitioner,** | : | |
| | : | |
|  **v.** | : | |
| | : | |
| **ROBERT SHANNON, ET AL.,** | : | |
|       **Defendants.** | : | **No. 05-6054** |

## ORDER

     **AND NOW**, this 21st day of August, 2007, upon consideration of the Petition for Writ of Habeas Corpus of Ricardo Morales (Docket No. 1), and Petitioner's Motion to Show Cause and Prejudice (Docket No. 18), it is hereby **ORDERED** that:

    1.    Mr. Morales's Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED**, and the relief requested therein is **DENIED**;

    2.    There is no basis on which to issue a Certificate of Appealability under 28 U.S.C. § 2253; and

    3.    The Clerk of the Court shall mark this case **CLOSED** for all purposes, including statistics.

                         BY THE COURT:

                            /s/ Gene E.K. Pratter
                            GENE E.K. PRATTER
                            UNITED STATES DISTRICT JUDGE